NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lisa MACALUSO and Robert MACALUSO, <br><br> Plaintiffs, <br><br> v. <br><br> Melvin J. BOYSEN, Jean A. BOYSEN, Thomas J. FASANELLA, and Lucille A. FASANELLA, <br><br> Defendants. | Civil No. 11-2971 (AET) <br><br> **OPINION & ORDER** |

THOMPSON, U.S.D.J.

I. INTRODUCTION

This matter has come before the Court upon the filing of Plaintiffs' Complaint [docket # 1]. The Court has considered the allegations provided in the Complaint and, for the reasons detailed below, finds that the Complaint must be dismissed *sua sponte* for lack of diversity jurisdiction.

II. BACKGROUND

Plaintiffs' Complaint arises out of an automobile accident in which the vehicles of Defendant Melvin Boysen and Defendant Thomas Fasanella collided, as a result of which Fasanella's vehicle struck Plaintiff Lisa Macaluso's vehicle and injured her. (Compl. 2.) Plaintiffs allege that Boysen and Fasanella operated their vehicles in violation of various New Jersey motor vehicle statutes prohibiting reckless, careless, negligent, or otherwise unsafe driving. (*Id.* at 2–3 (citing N.J.S.A. 39:4-96, 97, 97.2).) Plaintiffs claim that Defendant Jean Boysen should be held vicariously liable as a vehicle owner for her failure to supervise Defendant Melvin

Boysen.  (*Id.* at 4.)  Similarly, Plaintiffs claim that Defendant Lucille Fasanella should be held vicariously liable as a vehicle owner for her failure to supervise Defendant Thomas Fasanella. (*Id.* at 5.)  Plaintiffs demand damages for Lisa Macaluso's injuries, pain, and suffering, as well as for loss of consortium on behalf of her husband Robert Macaluso.  (*Id.* at 6–7.)

On May 23, 2011, the Plaintiffs filed a Complaint alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The Complaint alleges that Plaintiffs Lisa Macaluso and Robert Macaluso reside in the State of New Jersey, that Defendants Melvin Boysen and Jean Boysen reside in the State of New Jersey, and that Defendants Thomas Fasanella and Lucille Fasanella reside in the State of New York.  (*Id.* at 1–2.)

### III. ANALYSIS

Federal Rule of Civil Procedure 8(a) requires a plaintiff in a federal action to set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends."  Fed. R. Civ. P. 8(a).  Federal courts must determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor.  *Packard v. Provident Nat'l Bank*, 994 F.2d 1039 (3d Cir. 1993), *cert. denied sub nom. Upp v. Mellon Bank, N.A.*, 510 U.S. 964 (1993).  There are two traditional bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction.  *City of Newark v. Lawson*, 346 F. App'x 761, 763 (3d Cir. 2009).  Federal question jurisdiction applies to those civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 389 (3d Cir. 2002).  This type of jurisdiction exists only if a federal question is presented on the face of the complaint.  *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002) (citation omitted).  Diversity jurisdiction applies to "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs,

and is between [] citizens of different States." U.S.C. § 1332(a)(1).  Under the generally applicable rule requiring "complete diversity," no plaintiff may be a citizen of the same state as any defendant.  *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1) and *Strawbridge v. Curtiss*, 7 U.S. (1 Cranch) 267, 267 (1806)); *see also Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (stating that diversity jurisdiction requires that "every plaintiff be diverse from each defendant").

Here, Plaintiffs allege that they reside in New Jersey.  Plaintiffs also allege that Defendants Melvin and Jean Boysen are New Jersey residents.  Thus, the requirement of complete diversity is not satisfied.  Plaintiffs' Complaint rests solely on New Jersey state motor vehicle statute claims and the tort of negligent supervision and, therefore, fails to present a federal question.  Because Plaintiffs' Complaint does not satisfy federal diversity jurisdiction or federal question jurisdiction, this Court lacks subject matter jurisdiction and the action must be *sua sponte* dismissed.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 31st day of May, 2011,

ORDERED that Plaintiffs' Complaint [docket # 1] is hereby DISMISSED for lack of subject matter jurisdiction.

  */s/ Anne E. Thompson*  
ANNE E. THOMPSON, U.S.D.J.